# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

SHANNON BARLOW DOUGHTY                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 5:17-CV-43-KS-MTP

NATCHEZ-ADAMS SCHOOL
DISTRICT et al.                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [13] filed by Defendant Natchez-Adams School District. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Dismiss [13] is well taken and should be granted.

## I.  BACKGROUND

On April 10, 2017, Plaintiff Shannon Barlow Doughty ("Plaintiff") filed this action against Defendants Frederick Hill, the Natchez-Adams School District (the "District"), and the Mississippi Department of Education.[1] The claims in this action center around the non-renewal of Plaintiff's contract of employment with the District.

Plaintiff served as an assistant principal with the District for the 2013-2014 school year. In April 2014, she was notified that her contract of employment would not be renewed for the following year. Though advised of her right to do so, Plaintiff did not seek a hearing regarding this decision. Instead, Plaintiff brought suit in this Court for various claims under federal and state law, as discussed more fully herein.

---

[1] The Mississippi Department of Education has since been dismissed by agreement.

## II. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### B. Constitutional Violations

In Count I of her Complaint [1], Plaintiff brings claims for violations of her constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments. Specifically, she alleges that the District violated "her rights to substantive and procedural due process of the law, her right to not have her property taken without just compensation, her right to freedom of association and her right to counsel." (Complaint [1] at p. 3.)

#### 1. Due Process

Plaintiff claims that the District deprived her of due process of law when it refused to renew her contract. Though the Fourteenth Amendment does not by itself "create a protectable interest

in continued public employment," such an interest may exist "by operation of employment contract or state law." *Dearman v. Stone Cnty. Sch. Dist.*, 832 F.3d 577, 583 (5th Cir. 2016). "Where such an interest in continued employment exists, a public employer may not deprive an employee of continued employment." *Id.* The Fifth Circuit has indicated that Miss. Code Ann. § 37-9-109, which provides notice requirements for contract non-renewals for school employees, as interpreted by Mississippi state courts, creates a protected property right subject to due process protection. *Id.* at 583 n.6. However, the court went on to state that, "[i]n the pre-deprivation context, all that federal due process requires is 'notice and an opportunity to respond.'" *Id.* (quoting *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155 (5th Cir. 1996)). Plaintiff admits that she had both.

Plaintiff states that she received notice of the non-renewal of her contract on April 11, 2014. Section 37-9-105 requires notice be given to "a teacher, administrator or other professional educator" by "April 15, or within ten (10) calendar days after the date the Governor approves the appropriation bill(s) comprising the state's education budget for funding K-12, whichever date is later." Miss. Code Ann. § 37-9-105(b). Plaintiff argues that the March 1 deadline from § 37-9-105(a) should apply, but Plaintiff served as an assistant principal and that subsection applies only to principals. Plaintiff has not provided the Court with any precedent under Mississippi law which equates the two. In fact, the only precedent of which the Court is aware treats the two positions as *not* equivalent. *See McKnight v. Mound Bayou Public Sch. Dist.*, 879 So.2d 493, 499 (Miss. Ct. App. 2004) (stating that the position of "assistant principal" was not referenced by a statute that listed "superintendents, assistant superintendents or principals"). Furthermore, even if the earlier deadline applied, it does not matter, for the purposes of a federal due process analysis, that the District may have failed to comply with Mississippi state law. *Dearman*, 832 F.3d at 584. It is sufficient that Plaintiff did, in fact, receive notice.

Plaintiff further admits that the notice of non-renewal stated the reason for the decision as the prediction of an "F" on an upcoming accountability test, based on a practice test given earlier in the year. Though she states that this was a pretextual reason given to conceal racial animus,[2] Plaintiff had sufficient notice of both the decision of the District and the reasons behind it to adequately rebut the District's reasons if she had taken the opportunity to do so.

Finally, pursuant to Miss. Code Ann. § 37-9-109, Plaintiff had a right to request a hearing as to the non-renewal of her contract, which she did not do, stating that such a hearing would have been "futile." The District advised her of her rights to request a "fair and impartial hearing, before the School Board or a Hearing Officer," in order to dispute the reasons for her non-renewal. (*See* Notice [13-3].)[3] It was Plaintiff's choice to not avail herself of this hearing. Though Plaintiff is "free to skip state remedies and proceed directly to federal court to vindicate state deprivation of her constitutional rights . . . [,] she cannot skip an available state remedy and then argue that the deprivation by the state was the inadequacy or lack of the skipped remedy." *Rathjen v. Litchfield*, 878 F.2d 836, 840 (5th Cir. 1989) (quoting *Myrick v. City of Dallas*, 810 F.2d 1382, 1388 (5th Cir. 1987)). Put another way, "[a]n employee cannot ignore the process duly extended to him and later complain that he was not accorded due process." *Galloway v. State of Louisiana*, 817 F.2d 1154, 1158 (5th Cir. 1987). With this precedent before the Court, it cannot accept Plaintiff's unsupported contention that the hearing would have been futile as an adequate reason why she did not avail herself of the process offered to her.

---

[2] Despite this allegation, Plaintiff does not bring a claim for racial discrimination in her Complaint [1], nor would such a claim succeed as she admits that she was replaced by a member of her own race.

[3] The Notice [13-3] was referenced by Plaintiff's Complaint [1] and is central to her claims regarding due process. As such, it is considered part of the pleadings, and the Court may consider it under a Rule 12(b)(6) review. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Because she had both notice and an opportunity to be heard, Plaintiff's due process claim will be **dismissed with prejudice**.

### 2. Fourth Amendment

The Fourth Amendment protects against unreasonable searches and seizures of "persons, houses, papers, and effects." U.S. Const. amend. IV. Plaintiff does not specifically state how her rights under the Fourth Amendment have been violated by the District nor does she allege any facts that would lead the Court to believe they were. As such, this claim, to the extent that it is even asserted, will be **dismissed with prejudice.**

### 3. Freedom of Association

The Supreme Court has stated that "implicit in the right to engage in activities protected by the First Amendment is a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Boy Scouts of Am. V. Dale*, 530 U.S. 640, 647, 120 S. Ct. 2446, 147 L.Ed.2d 554 (2000) (quoting *Roberts v. U. S. Jaycees*, 468 U.S. 609, 622, 104 S. Ct. 3244, 82 L.Ed.2d (1984)) (internal quotations omitted). Plaintiff alleges that the District prevented her "from communicating or even having any association with students and others, with whom she had shared an established professional and academic relationship." (Complaint [1] at p. 16.) However, the First Amendment "does not include a generalized right of social association." *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042,1051 (5th Cir. 1996) (citations and internal quotations omitted). The Fifth Circuit has held that relationships similar to Plaintiff's relationships with her students and others were not protected under the First Amendment's freedom of association. *See id.* at 1051-52 (holding that a coach's relationship with his players was not protected under the First Amendment). As such, this claim must be **dismissed with prejudice**.

####  4. Right to Counsel

"[T]he Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 180 L.Ed.2d 452 (2011). At no point does Plaintiff allege that she was involved in any type of criminal proceeding. As such, this claim will be **dismissed with prejudice**.

### C. 42 U.S.C. §§ 1983 and 1985

Plaintiff brings claims against the District under 42 U.S.C. § 1983 for constitutional violations and § 1985 for conspiracy to commit constitutional violations. Both of these are allegedly based on the constitutional violations alleged in Count I of her Complaint [1], which the Court has already stated are not sufficiently pleaded. As such, these claims shall be **dismissed with prejudice** as well.

### D. Breach of Contract

Plaintiff alleges that the District "breached and violated the terms and provisions of the Plaintiff's Employment Contract for her work at Natchez High School, as well as breaching the implied duties of good faith and fair dealing and thus damaging her status as a principal and administrator." (Complaint at p. 20.) Plaintiff admits, though, that her contract of employment only pertained to the 2013-2014 school year, (*see id.* at p. 4), and never specifies how this contract was breached.[4] Furthermore, in her response to the District's motion, Plaintiff does not attempt to defend her breach of contract claim or further specify how the District allegedly breached her employment contract. As such, the Court finds that this claim should be **dismissed with prejudice**.

---

[4] The Court assumes that the alleged breach is the non-renewal of the contract for the following school year, though this is not clear in the Complaint [1]. However, Plaintiff does not allege that renewal of the contract was guaranteed by the terms of the contract.

### E. Intentional and Negligent Infliction of Emotional Distress

"A claim for intentional infliction of emotional distress will not ordinarily lie for mere employment disputes." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So.2d 845, 851 (Miss. 2001). Claims for intentional infliction of emotional distress in such disputes have "usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." *Id.* (quoting *Pegues v. Emerson Elec. Co.*, 913 F.Supp. 976, 982-83 (N.D. Miss. 1996)). "Only in the most unusual of cases does the conduct move out of the 'realm of an ordinary employment dispute,' into the classification of 'extreme and outrageous,' as required for the tort of intentional infliction of emotional distress." *Prunty v. Ark. Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994) (internal citations omitted). Plaintiff has not pleaded any factual allegations which would make this employment dispute so unusual as to give rise to a claim of intentional infliction of emotional distress. As such, this claim will be **dismissed with prejudice**.

Furthermore, Plaintiff cannot recover under a theory of negligent infliction of emotional distress without showing that she has suffered from a physical injury. *Waters v. Allegue*, 980 So.2d 314, 318 (Miss. Ct. App. 2008) (citing *Wilson v. GMAC*, 883 So.2d 56, 65 (Miss. 2004)). Because she had not alleged any sort of physical injury, this claim will also be **dismissed with prejudice**.

### F. Defamation and False Light Invasion of Privacy

Plaintiff claims that the District "engaged in such conduct, as more particularly set forth herein above, which is defamatory of the Plaintiff and portrays Plaintiff in a false light." (Complaint [1] at p. 22.) Though Plaintiff at no point in her Complaint [1] attempts to explain what conduct of the District actually constituted defamation or false light invasion of privacy, she does state that these claims are based on the conduct alleged in her Complaint [1], all of which occurred in 2014 at the latest. Claims of defamation and invasion of privacy are subject to a one-

year statute of limitations under Mississippi law. *See Lane v. Strang Commc'ns Co.*, 297 F.Supp.2d 897, 899 (N.D. Miss. 2003). Because Plaintiff did not file this action until April 2017, the limitation period on these claims has long since-expired, and they will be **dismissed with prejudice**.

### G. Civil Conspiracy

"A civil conspiracy requires a meeting of the minds . . . to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully." *Southern Health Corp. of Houston v. Crausby*, 174 So.3d 916, 920 (Miss. Ct. App. 2015) (internal citations and quotations omitted). Even if the Court found that Plaintiff's Complaint [1] adequately pleaded such a claim, which it does not, civil conspiracy is also subject to a one-year statute of limitations and is therefore time-barred. *See McGuffie v. Herrington*, 966 So.2d 1274, 1278 (Miss. Ct. App. 2007). It will also be **dismissed with prejudice**.

### H. Legislative Scheme

In Counts IX and X of the Complaint [1], Plaintiff alleges that the District, along with the other defendants in this case, has "established and maintained a legislative scheme and statutory laws which directly violate the Plaintiff's constitutionally protected rights, interests, and privileges," and asks for injunctive relief from the enforcement of said scheme. (Complaint [1] at p. 23.) Because the District is not a legislative body and has no control over the statutory laws of Mississippi, these claims cannot proceed against it and will be **dismissed with prejudice**.

### I. Leave to Amend

Plaintiff asks that she be given leave to amend under Federal Rule of Civil Procedure 15 in the event that the Court finds her claims inadequately pleaded, which it does. "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in

favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotations omitted). However, if amendment would be futile, the Court is given the discretion to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). In the instant case, Plaintiff has given the Court no reason to believe that there is any set of facts which she could plead in good faith so as to cure her pleadings.

First, the Court would note that by failing to address many of her claims in response to the District's motion, Plaintiff has abandoned those claims. *See Sanders v. Sailormen, Inc.*, No. 3:10-CV-00606-CWR-LRA, 2012 WL 663021, at *3 (S.D. Miss. Feb. 28, 2012) ("Failure to address a claim results in the abandonment thereof.") The only claims Plaintiff addresses in any detail are her due process claim and a racial discrimination claim which she never actually pleaded in her original complaint. Amendments based on these two claims must fail, however, as she admits she had notice and an opportunity for hearing so as to defeat her due process claim, and she admits that she was replaced by a member of same race, so as to defeat a racial discrimination claim. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001) (stating that to make out a prima facie case of racial discrimination, a plaintiff must establish that she was replaced by someone outside of her race).

Because Plaintiff proposes no amendments that would cure the deficiencies of her pleadings, the Court finds that allowing her to amend her complaint would be futile. As such, the District's Motion to Dismiss [13] will be **granted** in its entirety, and all claims against it will be **dismissed with prejudice**.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [13] is **granted**.  The claims against the District are **dismissed with prejudice**.  The only claims that remain pending are those against Defendant Hill.

SO ORDERED AND ADJUDGED, on this, the 27th day of September, 2017.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE